2

**JOHNSON & SONS MANUFACTURING CHEMISTS, Limited, Appellant, v. William MacLEESTER, Appellee.**

(Circuit Court of Appeals, Third Circuit. June 10, 1926.)

No. 3297.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Henry Van Arsdale, Jr., of New York City, for appellant.

Joseph G. Denny, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the plaintiff, a corporation of Great Britain, filed a bill in equity against the defendant, a citizen of Pennsylvania, praying he be enjoined from breaching a contract between them. On final hearing that court dismissed the bill, whereupon this appeal was taken.

From the proofs it appears that by written contract, dated December 29, 1921, the defendant sold plaintiff his secret process of making metol by the glycerin process, wherein he covenanted "that he will at no time in any manner disclose the process or reveal it as a whole or in any part or any detail thereof to any other person, a corporation or firm, and he further agrees not to make use of the process himself, either personally or through any corporation or individual or firm for the manufacture of said metol." The bill alleges the defendant threatened to disclose the secret process and prayed he be enjoined from so doing. The case went to trial on proofs, and very considerable testimony, largely of a highly technical scientific character, was taken concerning the subject-matter of the contract.

On final analysis, however, the case centers around a pending application for a patent by the defendant, which the plaintiff avers will disclose the process to the public and which defendant avers does not disclose the secret process. In this state of the record the court below refused the injunction.

When the appeal was argued in this court, it was suggested that the matter would possibly be solved if a copy of the application was furnished to this court. This was done by consent, and an examination of its contents has not satisfied us that the disclosure therein made breaches the covenant of secrecy.

Such being the case, we are of opinion the court committed no error in dismissing the plaintiff's bill, and its decree is affirmed.